UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

BENSON E. PENICK                          )
and CHERYL PENICK                         )
408 M Street, N.W., Unit A                )
Washington, D.C.  20001                   )
                                          )
        Plaintiffs                        )
                                          )
        vs.                               )        Civil Action No:
                                          )
APPLIANCE DISTRIBUTORS                     )
UNLIMITED, INC.                           )
5192 Raynor Avenue                        )
Linthicum, Maryland  21090                )
                                          )
        and                               )
                                          )
APPLIANCE DISTRIBUTORS                     )
UNLIMITED OF VIRGINIA, INC.               )
d/b/a APPLIANCE DISTRIBUTORS              )
UNLIMITED                                 )
14911 Bogle Drive                         )
Chantilly, Virginia 20151                 )
                                          )
        and                               )
                                          )
VIKING RANGE CORPORATION                  )
111 Front Street                          )
Greenwood, MS  38930                      )
                                          )
        and                               )
                                          )
VIKING RANGE CORPORATION,                 )
INC.                                      )
220 W. Market Street                      )
P.O. Box 8012                             )
Greenwood, MS  38930-4329                 )
                                          )
        Defendants                        )

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C §§ 1332, 1441, and 1446, and Rule 11 of the Federal Rules of Civil Procedure, Defendant Appliance Distributors Unlimited of Virginia, Inc. d/b/a Appliance Distributors Unlimited (hereinafter "ADU Virginia") files this Notice of Removal and states:

1.    On June 25, 2008, Plaintiffs commenced an action against ADU Virginia, Appliance Distributors Unlimited, Inc., Viking Range Corporation, and Viking Range Corporation, Inc. in the Superior Court of the District of Columbia, Civil Division, as Civil Action No. 08-CA-004613B (hereinafter the "Superior Court action"), by filing a Complaint seeking damages in excess of $2,000,000.00 for personal injuries alleged to have arisen from a refrigerator sold, distributed, and/or manufactured by the defendants.

2.    The United States District Court for the District of Columbia is the district embracing the place where this action is pending.

3.    True copies of all process, pleadings, and orders served on Defendant ADU Virginia as of the morning of July 30, 2008, as well as Defendant ADU Virginia's Answer in Superior Court, are attached hereto as Exhibit A and specifically incorporated herein.

4.    This Notice of Removal is filed within thirty (30) days of the first date in which any defendant was served with a summons and copy of the Complaint. Consequently, this notice is time under 28 U.S.C. § 1446(b).

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

5.      Based on the information contained in the Complaint, Plaintiffs were at the time of the commencement of this action, and are at the time of filing this Notice of Removal, residents of the District of Columbia.

6.      Defendant ADU Virginia was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Virginia corporation with its principal place of business in the Commonwealth of Virginia.

7.      Defendant Appliance Distributors Unlimited, Inc. was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Maryland corporation with its principal place of business in the State of Maryland.

8.      Upon information and belief, Defendant Viking Corporation was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Kansas corporation with its principal place of business in the State of Kansas.

9.      Upon information and belief, Defendant Viking Corporation, Inc. was at the time of the commencement of this action and is now at the time of filing this Notice of Removal a Kansas corporation with its principal place of business in the State of Kansas.

10.      Each Plaintiff claims damages in excess of $75,000.00. Accordingly, the amount in controversy in the Superior Court action exceeds the sum or value of $75,000.00, exclusive of interest and costs.

11.      This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332, and the action is one that may be removed to his Court pursuant to the provisions of 28 U.S.C. § 1441(b) because it is a civil action between citizens of different

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

states in which the amount in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

12.    Removal of this case on the basis of diversity of citizenship is not precluded by the provisions of 28 U.S.C. § 1441(b) because no Defendant is a citizen of the District of Columbia.

13.    Defendant ADU Virginia will file a true and correct copy of this Notice of Removal with the Clerk of the Superior Court as provided by law.

WHEREFORE, this action now pending in the Superior Court of the District of Columbia is properly removed to this Court, and the Superior Court of the District of Columbia "shall proceed no further unless and until the case is remanded." 28 U.S.C. § 1446(d).

Respectfully submitted,

McCARTHY WILSON LLP

By: _____
Richard W. Evans (#448436)
100 South Washington Street
Rockville, Maryland 20850
(301) 762-7770 (phone)
(301) 762-0374 (fax)
evansr@mcwilson.com
www.attys@mcwilson.com
Attorneys for Defendant Appliance
Distributors Unlimited of Virginia
d/b/a Appliance Distributors
Unlimited

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Notice of Removal was mailed, postage prepaid, this 30th day of July, 2008, to:

James W. Taglieri, Esquire
Cadeaux, Taglieri & Notarius, P.C.
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C. 20036
*Attorney for Plaintiffs*

Mary Ann Fenner Medema, Esquire
Law Offices of Anthony D. Dwyer
6011 University Boulevard
Suite 480
Ellicott City, Maryland 21043
*Attorney for Defendants Viking Corporation
and Viking Corporation, Inc.*

Richard E. Schimel, Esquire
*Budow & Noble*
7315 Wisconsin Avenue, Suite 500 West
Bethesda, Maryland 20814
*Attorney for Defendant Appliance Distributors
Unlimited, Inc.*

Richard W. Evans  (#448436)

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

CA Form 1

# 𝔖𝔲𝔭𝔢𝔯𝔦𝔬𝔯 ℭ𝔬𝔲𝔯𝔱 𝔬𝔣 𝔱𝔥𝔢 𝔇𝔦𝔰𝔱𝔯𝔦𝔠𝔱 𝔬𝔣 ℭ𝔬𝔩𝔲𝔪𝔟𝔦𝔞

### CIVIL DIVISION
### 500 Indiana Avenue, N.W., Room JM-170
### Washington, D.C.  20001  Telephone: 879-1133

BENSON E. PENICK, et al.

*Plaintiff*

vs.

APPLIANCE DISTRIBUTORS UNLIMITED, INC., et al.

*Defendant*

Civil Action No. _____

## SUMMONS

To the above named Defendant:

APPLIANCE DISTRIBUTORS UNLIMITED, INC., Serve: Thomas Oliff, Registered Agent, 5192 Raynor Avenue, Linthicum, MD 21090

You are hereby summoned and required to serve an Answer to the attached Complaint, either personally or through an attorney, within twenty (20) days after service of this summons upon you, exclusive of the day of service.  If you are being sued as an officer or agency of the United States Government or the District of Columbia Government, you have 60 days after service of this summons to serve your Answer.  A copy of the Answer must be mailed to the attorney for the party palintiff who is suing you.  The attorney's name and address appear below.  If plaintiff has no attorney, a copy of the Answer must be mailed to the plaintiff at the adddress stated on this Summons.

You are also required to file the original Answer with the Court in Room JM 170 at 500 Indiana Avenue, N.W. between 9:00 a.m. and 4:00 p.m., Mondays through Fridays or between 9:00 a.m. and 12:00 Noon on Saturdays.  You may file the original Answer with the Court either before you serve a copy of the Answer on the plaintiff or within five (5) days after you have served the plaintiff.  If you fail to file an Answer, judgment by default may be entered against you for the relief demanded in the complaint.

*Clerk of the Court*

James W. Taglieri          #229880
Name of Plaintiff's Attorney
Cadeaus Taglieri & Notarius
1100 Connecticut Avenue, NW, # 800
Washington, DC 22036
Address

(202) 785-3373

Telephone

By _____
Deputy Clerk

Date: _____ 6/25/08

PUEDE OBTENERSE COPIAS DE ESTE FORMULARIO EN ESPANOL EN EL TRIBUNAL SUPERIOR DEL DISTRITO DE COLUMBIA, 500 INDIANA AVENUE, N.W., SALA JM 170
YOU MAY OBTAIN A COPY OF THIS FORM IN SPANISH AT THE SUPERIOR COURT OF D.C., 500 IN-DIANA AVENUE, N.W., ROOM JM 170

3

Form CV(6)-456/Dec. 91                NOTE:  SEE IMPORTANT INFORMATION ON BACK OF THIS FORM.



EXHIBIT

A

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

BENSON E. PENICK                              :
and
CHERYL PENICK                                 :
Both of:
  408 M Street, N.W., Unit A                  :
  Washington, D.C. 20001
                                              :
      Plaintiffs,
                                              :
vs.                                                    Civil Action No: 000 1613-08
                                              :
APPLIANCE DISTRIBUTORS
  UNLIMITED, INC.                             :
5192 Raynor Avenue
Linthicum, MD 21090                           :
Serve:
  Thomas Oliff                                :
  Registered Agent
  5192 Raynor Avenue                          :
  Linthicum, MD 21090
                                              :
and
                                              :
APPLIANCE DISTRIBUTORS
  UNLIMITED OF VIRGINIA, INC.,                :
  d/b/a APPLIANCE DISTRIBUTORS
  UNLIMITED                                   :
14911 Bogle Drive
Chantilly, VA 20151                           :
Serve:
  James C. Judkins                            :
  Registered Agent
  10521 Judicial Drive, Suite 204             :
  Fairfax, VA 22030
                                              :
and
                                              :

RECEIVED
Civil Clerk's Office
JUN 2 5 2008
Superior Court of the
District of Columbia
Washington, D.C.

CADEAUX, TAGLIERI
& NOTARIUS, P.C.
ATTORNEYS AT LAW
100 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
Fax (202) 775-8687

4

2

VIKING RANGE CORPORATION          :
111 Front Street
Greenwood, MS  38930              :
Serve:
  Fred E. Carl, Jr.               :
  Registered Agent
  111 Front Street                :
  Greenwood, MS  38930

                                  :
and                               :

                                  :
VIKING RANGE CORPORATION,         :
  INC.
220 W. Market Street
P. O. Box 8012                    :
Greenwood, MS  38930-4329
Serve:                            :
  Fred E. Carl, Jr.
  Registered Agent                :
  220 W. Market Street
  P. O. Box 8012
  Greenwood, MS  38930-4329

                                  :
        Defendants.

## COMPLAINT

(Facts in Common as to All Counts)

Jurisdiction is vested in this Court pursuant to D.C. Code §11-921 (2001 edition).

1.      The plaintiffs are, and at all times relevant herein mentioned, were residents of the District of Columbia.

2.      Appliance Distributors Unlimited, Inc. (hereinafter referred to as "ADU-I") was all times relevant herein doing business in the District of Columbia.

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
© CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-5687

5

3

Appliance Distributors Unlimited of Virginia, Inc., d/b/a Appliance Distributors Unlimited (hereinafter referred to as "ADU-II") was all times relevant doing business in the District of Columbia.

3.    That defendants ADU-I and ADU-II are in the business of the sale, distribution, delivery and installation of kitchen appliances and regularly does or solicits business in the District of Columbia, engages in a persistent course of conduct in the District of Columbia, and derives substantial revenue from goods and products sold, used or consumed in the District of Columbia.

4.    Viking Range Corporation  (hereinafter referred to as "Viking-I") was at all times relevant doing business in the District of Columbia.

Viking Range Corporation, Inc.  (hereinafter referred to as "Viking-II") was at all times relevant doing business in the District of Columbia.

5.    That defendants Viking-I and Viking-II are in the business of the design, manufacture, and sale of kitchen appliances and regularly does or solicits business in the District of Columbia, engages in a persistent course of conduct in the District of Columbia, and derives substantial revenue from goods and products sold, used or consumed in the District of Columbia.

6.    On March 23, 2005, plaintiffs purchased from defendant ADU-I or, in the alternative, from defendant ADU-II, among other things, a Viking designer 36 inch refrigerator.  The refrigerator was manufactured by defendants Viking-I or, in the alternative, Viking-II.

CADEAUX, TAGLIERI
& NOTARIUS, P.C.
ATTORNEYS AT LAW
O CONNECTICUT AVE., N.W.
SUITE 800
ASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-5697

6

4

7.    On May 3, 2005, plaintiffs were informed by an agent, employee or servant of defendant ADU-I, or in the alternative, ADU-II that it had selected an installer for the job.

8.    On May 20, 2005, the plaintiffs contacted the installer and scheduled installation for appliances including a temporary refrigerator since the purchased refrigerator was on back-order.

9.    On or about June 22, 2005, plaintiffs were informed by a representative of defendants ADU-I, or in the alternative, ADU-II that the back-ordered refrigerator had arrived and arrangements were made for delivery on June 25, 2005, at which time the new refrigerator would be exchanged for the temporary one. At no point in this discussion did the representative indicate that professional installation would be required or that an installer should be present.

10.    On June 25, 2005, the ADU crew arrived, removed the temporary refrigerator and placed the new refrigerator in its designated space and plugged it in. Plaintiffs removed the refrigerated items from the temporary unit and placed them into the new unit. At no point did the ADU crew indicate that the new refrigerator should not be used until it was professionally installed, nor did the crew or anyone from ADU-I, or in the alternative, ADU-II indicate that the refrigerator needed to be professionally installed or that bracing was necessary for the refrigerator.

11.    The refrigerator contained a label depicting a universal symbol showing the unit on what appeared to be a hand-truck with language to the effect that the refrigerator could topple. Nowhere on the refrigerator was there any warning or instruction indicating that the refrigerator should not be used until such time as it was

CADEAUX, TAGLIERI
& NOTARUS, P.C.
ATTORNEYS AT LAW
0 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20035
(202) 785-3373
FAX (202) 775-5697

7

FAX 1-866-520-9088

5

professionally installed or braced. The refrigerator was accompanied by "installation instructions" which were contained in an envelope which was left on the plaintiff's kitchen table by the ADU crew.

12.    On June 27, 2005, at approximate 2:00 a.m., plaintiff Benson E. Penick opened the drawer to the freezer located at the bottom of the unit and upon closing it, the refrigerator fell toward him. Mr. Penick threw his hands up and was able to catch the 600 pound refrigerator and hold it upright, but in the process injured himself.

### COUNT I

(Negligence)

Plaintiffs repeat and reallege each and every allegation contained in Paragraphs 1 through 12 of this Complaint, as if fully set forth herein and make them a part hereof and further state as follows:

13.    That the aforementioned appliance was negligently sold, distributed, installed and placed in the stream of commerce by the defendants ADU-I or, in the alternative, ADU-II.

14.    That the aforementioned appliance was negligently designed, manufactured, sold and placed in the stream of commerce by defendants Viking-I or, in the alternative, Viking-II, in that the refrigerator contained inadequate instructions and warnings.

15.    That as a direct and proximate result of the aforementioned negligence of defendants, the plaintiff Benson E. Penick sustained injury to all parts of his body, some of which are believed to be permanent, especially to his head, right shoulder

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
50 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-5697

8

6

and wrist, suffered and shall suffer great pain of body and mind, incurred and shall

incur medical and out-of-pocket expenses, lost and shall lose time and wages from his

employment and, as a result, has been damaged in the amount of $2,000,000.00.

WHEREFORE, the premises considered, plaintiff Benson E. Penick demands

judgment against defendants Appliance Distributors Unlimited, Inc., Appliance

Distributors Unlimited of Virginia, Inc., d/b/a Appliance Distributors Unlimited, Viking

Range Corporation, and Viking Range Corporation, Inc., jointly and severally, in the

amount of $2,000,000.00, plus costs and interest.

<u>COUNT II</u>

(Breach of Express Warranty, Implied Warranties
of Fitness and Merchantability)

Plaintiffs repeat and reallege each and every allegation contained in

paragraphs 1 through 15 of this Complaint, as if fully set forth herein and make them a

part hereof and further state as follows:

16.    Defendants ADU-I, ADU-II, Viking-1 and Viking-II expressly and/or

impliedly warranted, <u>inter alia</u>, that the product was safe, merchantable, and fit for

users such as plaintiff Benson E. Penick.

17.    As a natural and proximate result of the warranties made by defendants

about the product, plaintiff Benson E. Penick purchased the refrigerator and had it

delivered and placed in his home.

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
30 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-5697

*9*

7

18.    As a natural and proximate result of the warranties made by defendants about the product, plaintiff relied upon the skill, judgment and warranties of defendants to supply a product safe for use.

19.    The product was neither safe, merchantable, nor fit for safe use.

20.    That as a direct result of the defendants' breach of their express and implied warranties, the plaintiff Benson E. Penick sustained injury to all parts of his body, some of which are believed to be permanent, especially to his head, right shoulder and wrist, suffered and shall suffer great pain of body and mind, incurred and shall incur medical and out-of-pocket expenses, lost and shall lose time and wages from his employment and, as a result, has been damaged in the amount of $2,000,000.00.

WHEREFORE, the premises considered, plaintiff Benson E. Penick demands judgment against defendants Appliance Distributors Unlimited, Inc., Appliance Distributors Unlimited of Virginia, Inc., d/b/a Appliance Distributors Unlimited, Viking Range Corporation, and Viking Range Corporation, Inc., jointly and severally, in the amount of $2,000,000.00, plus costs and interest.

## COUNT III

(Strict Liability)

Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 20 of this Complaint, as if fully set forth herein and make them a part hereof and further state as follows:

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
00 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-8697

10

8

21.    The defendant ADU-I or, in the alternative, ADU-II sold, distributed, delivered, installed and placed the aforementioned refrigerator in the stream of commerce in a defective condition rendering it unsafe for its intended use; that defendants knew or should have known that said refrigerator would be sold to and used by persons such as the plaintiff who relied upon the fact that said refrigerator would be safe for its intended use; and that on June 27, 2005, said refrigerator was being used and operated in a reasonably foreseeable manner.

22.    The defendant Viking-I or, in the alternative, Viking-II designed, manufactured, sold and placed the aforementioned refrigerator in the stream of commerce in a defective condition rendering it unsafe for its intended use; that defendants knew or should have known that said refrigerator would be sold to and used by persons such as the plaintiff who relied upon the fact that said refrigerator would be safe for its intended use; and that on June 27, 2005, said refrigerator was being used and operated in a reasonably foreseeable manner.

23.    This product was sold, for valuable consideration, throughout the United States and the District of Columbia, and foreseeably offered for ultimate use to the general public.

24.    Before the occurrence, plaintiff Benson E. Penick was unaware of any defect in the product or of any danger to himself as a result of its use.

25.    Plaintiff Benson E. Penick would not have sustained the injuries described above but for the fact that the product was in a defective condition, unreasonably dangerous to a user in that: (a) the refrigerator's unsafe design and installation enabled it to become unstable and injure persons such as Benson E.

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
10 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-8697

11

9

Penick; and (b) defendants ADU-I, ADU-II, Viking-I and Viking-II failed to warn users,

failed to adequately and reasonably communicate warnings to users and/or failed to

instruct users about the hazards posed by the product and the necessary precautions

required for safe use.

26.    The hazardous condition of the refrigerator was not observable by

plaintiff Benson E. Penick who, lacking the technical knowledge and skill required to

ascertain the dangers of the refrigerator, relied on the duties of the defendants ADU-I,

ADU-II, Viking-I and Viking-II, to deliver the refrigerator at the time of sale in a

condition fit and safe for the purposes intended and to provide adequate and effective

warnings for safe use.

27.    That as a direct result of the unreasonably dangerous condition of the

refrigerator designed, manufactured and sold by defendant Viking-I or, in the

alternative, Viking-II, and sold, distributed, delivered and installed by defendants

ADU-I or, in the alternative, ADU-II, the plaintiff Benson E. Penick sustained injury to

all parts of his body, some of which are believed to be permanent, especially to his

head, right shoulder and wrist, suffered and shall suffer great pain of body and mind,

incurred and shall incur medical and out-of-pocket expenses, lost and shall lose time

and wages from his employment and, as a result, has been damaged in the amount of

$2,000,000.00.

WHEREFORE, the premises considered, plaintiff Benson E. Penick demands

judgment against defendants Appliance Distributors Unlimited, Inc., Appliance

Distributors Unlimited of Virginia, Inc., d/b/a Appliance Distributors Unlimited, Viking

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
10 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-5697

10

10

Range Corporation, and Viking Range Corporation, Inc., jointly and severally, in the amount of $2,000,000.00, plus costs and interest.

### COUNT V

(Loss of Consortium)

Plaintiffs repeat and reallege each and every allegation contained in paragraphs 1 through 27 of this Complaint, incorporate them herein and furthermore state as follows:

28.    At the time of the said injuries, plaintiffs Benson E. Penick and Cheryl Penick were and are now husband and wife. The aforesaid negligence and other acts of the defendants ADU-I, ADU-II, Viking-I and Viking-II caused plaintiff Cheryl Penick to suffer a loss of consortium to the detriment of her marital relationship and she has therefore been damaged in the amount of $250,000.00.

WHEREFORE, the premises considered, plaintiff Cheryl Penick demands judgment against defendants Appliance Distributors Unlimited, Inc., Appliance Distributors Unlimited of Virginia, Inc., d/b/a Appliance Distributors Unlimited, Viking Range Corporation, and Viking Range Corporation, Inc., jointly and severally, in the amount of $250,000.00, plus costs and interest.

CADEAUX, TAGLIERI & NOTARIUS, P.C.

James W. Taglieri        #228880
Attorney for Plaintiffs
1100 Connecticut Avenue, N.W., Suite 800
Washington, D.C.  20036
Telephone (202) 785-3373
E-mail:  jim.t@cadotag.com

CADEAUX, TAGLIERI
& NOTARIUS, P.C.
ATTORNEYS AT LAW
10 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-5697

13

11

<u>JURY DEMAND</u>

Plaintiffs demand a trial by a jury as to all issues involved herein.

_James W. Taglieri_
James W. Taglieri
Attorney for Plaintiffs

JWT/fan

CADEAUX, TAGLIERI
& NOTARIUS, P. C.
ATTORNEYS AT LAW
10 CONNECTICUT AVE., N.W.
SUITE 800
WASHINGTON, D.C. 20036
(202) 785-3373
FAX (202) 775-8697

14



# SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

BENSON E. PENICK
    Vs.

                                  C.A. No.     2008 CA 004613 B

APPLIANCE DISTRIBUTORS UNLIMITED, INC.

## INITIAL ORDER AND ADDENDUM

Pursuant to D.C. Code § 11-906 and District of Columbia Superior Court Rule of Civil Procedure ("SCR Civ") 40-I, it is hereby **ORDERED** as follows:

(1) Effective this date, this case has assigned to the individual calendar designated below. All future filings in this case shall bear the calendar number and the judge's name beneath the case number in the caption. On filing any motion or paper related thereto, one copy (for the judge) must be delivered to the Clerk along with the original.

(2) Within 60 days of the filing of the complaint, plaintiff must file proof of serving on each defendant: copies of the Summons, the Complaint, and this Initial Order. As to any defendant for whom such proof of service has not been filed, the Complaint will be dismissed without prejudice for want of prosecution unless the time for serving the defendant has been extended as provided in SCR Civ 4(m).

(3) Within 20 days of service as described above, except as otherwise noted in SCR Civ 12, each defendant must respond to the Complaint by filing an Answer or other responsive pleading. As to the defendant who has failed to respond, a default and judgment will be entered unless the time to respond has been extended as provided in SCR Civ 55(a).

(4) At the time and place noted below, all counsel and unrepresented parties shall appear before the assigned judge at an Initial Scheduling and Settlement Conference to discuss the possibilities of settlement and to establish a schedule for the completion of all proceedings, including, normally, either mediation, case evaluation, or arbitration. Counsel shall discuss with their clients **prior** to the conference whether the clients are agreeable to binding or non-binding arbitration. **This order is the only notice that parties and counsel will receive concerning this Conference.**

(5) Upon advice that the date noted below is inconvenient for any party or counsel, the Quality Review Branch (202) 879-1750 may continue the Conference **once**, with the consent of all parties, to either of the two succeeding Fridays. Request must be made not less than six business days before the scheduling conference date. No other continuance of the conference will be granted except upon motion for good cause shown.

                                       Chief Judge Rufus G. King, III

Case Assigned to: Judge GERALD I FISHER
Date:  June 25, 2008
Initial Conference: 9:30 am, Friday, September 26, 2008
Location:  Courtroom 519
               500 Indiana Avenue N.W.
               WASHINGTON, DC 20001

Caio.doc

## ADDENDUM TO INITIAL ORDER AFFECTING
## ALL MEDICAL MALPRACTICE CASES

In accordance with the Medical Malpractice Proceedings Act of 2006, D.C. Code § 16-2801, et seq. (2007 Winter Supp.), "[a]fter an action is filed in the court against a healthcare provider alleging medical malpractice, the court shall require the parties to enter into mediation, without discovery or, if all parties agree[,] with only limited discovery that will not interfere with the completion of mediation within 30 days of the Initial Scheduling and Settlement Conference ("ISSC"), prior to any further litigation in an effort to reach a settlement agreement. The early mediation schedule shall be included in the Scheduling Order following the ISSC. Unless all parties agree, the stay of discovery shall not be more than 30 days after the ISSC." D.C. Code § 16-2821.

To ensure compliance with this legislation, on or before the date of the ISSC, the Court will notify all attorneys and *pro se* parties of the date and time of the early mediation session and the name of the assigned mediator. Information about the early mediation date also is available over the internet at https://www.dccourts.gov/pa/. To facilitate this process, all counsel and *pro se* parties in every medical malpractice case are required to confer, jointly complete and sign an EARLY MEDIATION FORM, which must be filed no later than ten (10) calendar days prior to the ISSC. Two separate Early Mediation Forms are available. Both forms may be obtained at www.dccourts.gov/medmalmediation. One form is to be used for early mediation with a mediator from the multi-door medical malpractice mediator roster; the second form is to be used for early mediation with a private mediator. Both forms also are available in the Multi-Door Dispute Resolution Office, Suite 105, 515 5th Street, N.W. (enter at Police Memorial Plaza entrance). Plaintiff's counsel is responsible for eFiling the form and is required to e-mail a courtesy copy to earlymedmal@dcsc.gov. *Pro se* Plaintiffs who elect not to eFile may file by hand in the Multi-Door Dispute Resolution Office.

A roster of medical malpractice mediators available through the Court's Multi-Door Dispute Resolution Division, with biographical information about each mediator, can be found at www.dccourts.gov/medmalmediation/mediatorprofiles. All individuals on the roster are judges or lawyers with at least 10 years of significant experience in medical malpractice litigation. D.C. Code § 16-2823(a). If the parties cannot agree on a mediator, the Court will appoint one. D.C. Code § 16-2823(b).

The following persons are required by statute to attend personally the Early Mediation Conference: (1) all parties; (2) for parties that are not individuals, a representative with settlement authority; (3) in cases involving an insurance company, a representative of the company with settlement authority; and (4) attorneys representing each party with primary responsibility for the case. D.C. Code § 16-2824.

No later than ten (10) days after the early mediation session has terminated, Plaintiff must eFile with the Court a report prepared by the mediator, including a private mediator, regarding: (1) attendance; (2) whether a settlement was reached; or, (3) if a settlement was not reached, any agreements to narrow the scope of the dispute, limit discovery, facilitate future settlement, hold another mediation session, or otherwise reduce the cost and time of trial preparation. D.C. Code § 16-2826. Any Plaintiff who is *pro se* may elect to file the report by hand with the Civil Clerk's Office. The forms to be used for early mediation reports are available at www.dccourts.gov/medmalmediation.

Chief Judge Rufus G. King, III

Caio.doc

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

|  |  |
|---|---|
| BENSON E. PENICK, *et ux.* | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No.: 2008 CA 004613 B |
| | ) Calendar # 1 |
| APPLIANCE DISTRIBUTORS | ) Judge Gerald I. Fisher |
| UNLIMITED, INC., *et al.* | ) |
| | ) Next Event: Initial Sched. Conf. 9/26/08 |
| Defendants. | ) |
| | ) |

## ANSWER TO COMPLAINT

Comes now the Defendant, Appliance Distributors Unlimited, Inc., by and through its attorneys, Budow and Noble, P.C. and Richard E. Schimel, Esq., and for its Answer to the Complaint filed against it states as follows:

### FIRST DEFENSE

This Defendant did not breach any duty of care owed to the Plaintiff.

### SECOND DEFENSE

This Defendant did not sell the refrigerator which is the subject of this litigation to the Plaintiffs.

### THIRD DEFENSE

This Defendant did not select or hire an installer to install the refrigerator which is the subject of this litigation in the Plaintiffs' residence.

### FOURTH DEFENSE

This Defendant specifically denies that any of its agents, servants, representatives or employees was involved in the installation of the refrigerator which is the subject of this litigation in the Plaintiffs' residence.

## FIFTH DEFENSE

This Defendant denies that it made any type of express or implied warranty to the Plaintiffs concerning the refrigerator which is the subject of this litigation at any time.

## SIXTH DEFENSE

This Defendant denies placing the refrigerator which is the subject of this litigation into the stream of commerce at any time.

## SEVENTH DEFENSE

This Defendant denied having any actual or constructive knowledge of any design or manufacturing defect of the refrigerator which is the subject of this litigation at any time.

## EIGHTH DEFENSE

Answering each and every allegation of Complaint in like-numbered paragraphs, the Defendant admits, denies, and avers as follows:

1. Admitted.

2. Admitted.

3. Admitted.

4. Admitted.

5. Admitted.

6. The Defendant denies that the Plaintiffs purchased the subject refrigerator from Appliance Distributors Unlimited, Inc. The Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 6.

7. The Defendant denies that any agent, employee or servant of Appliance Distributors Unlimited, Inc. informed the Plaintiffs that an installer had been selected. The

Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 7.

8. The Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraph 8.

9. The Defendant denies that any representative of Appliance Distributors Unlimited, Inc. informed the Plaintiffs that the back-ordered refrigerator had arrived or any of the other representations in the first sentence of Paragraph 9. The Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 9.

10.-12. The Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraphs 10. - 12.

13. The Defendant denies that it sold, distributed or installed the subject refrigerator or placed it in the stream of commerce.

14.-15. The Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraphs 14. - 15.

16. The Defendant denies that it made any warranties whatsoever to the Plaintiffs.

17.-20. The Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraphs 17. - 20.

21. The Defendant denies that it sold, distributed, delivered, installed or place the subject refrigerator into the stream of commerce. The Defendant is without sufficient knowledge or information to admit or deny the remaining allegations of Paragraph 21.

22.-26. The Defendant is without sufficient knowledge or information to admit or deny the allegations of Paragraphs 22. - 26.

-3-

27. Denied.

28. Denied.

WHEREFORE, Defendant Appliance Distributors Unlimited, Inc. requests that the Complaint against it be dismissed with prejudice, and that costs be assessed against the Plaintiff.

## ELECTION OF TRIAL BY JURY

This Defendant elects to have each and every issue of this case tried before a jury of six.

Respectfully submitted,

**BUDOW AND NOBLE, P.C.**


/s/ *Richard E. Schimel*

Richard E. Schimel
D.C. Bar #: 273193
Suite 500 West, Air Rights Center
7315 Wisconsin Avenue
Bethesda, Maryland 20814-3206
Phone: (301) 654-0896
Fax: (301) 907-9591
rschimel@budownoble.com
Attorney for Defendant Appliance Distributors Unlimited, Inc.

## CERTIFICATE OF SERVICE

THIS HEREBY CERTIFIES that on this 17th day of July, 2008, the foregoing **Answer** was served by first class mail and the Electronic Case Filing system on the following:

James W. Taglieri, Esq.
CADEAUX, TAGLIERI & NOTARIUS, P.C.
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C. 20036

/s/ *Richard E. Schimel*

Richard E. Schimel

J:\CLIENTS\State Farm\Appliance Distributors Unilited\Answer to Complaint.wpd

-4-

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

BENSON E. PENICK          )
    and                        )
CHERYL PENICK              )
408 M Street, N.W., Unit A  )
Washington, D.C.  20001    )
                           )
    Plaintiffs              )
                           )
                           )
    vs.                     )    Civil Action No: 2008 CA 004613 B
                           )    Calendar 1 — Judge Gerald I. Fisher
APPLIANCE DISTRIBUTORS      )    Next Event:  Initial Conference
UNLIMITED, INC.            )               9/26/08 @ 9:30 a.m.
5192 Raynor Avenue         )
Linthicum, Maryland  21090  )
                           )
    and                     )
                           )
APPLIANCE DISTRIBUTORS      )
UNLIMITED OF VIRGINIA, INC.  )
d/b/a APPLIANCE DISTRIBUTORS  )
UNLIMITED                  )
14911 Bogle Drive          )
Chantilly, Virginia 20151   )
                           )
    and                     )
                           )
VIKING RANGE CORPORATION    )
111 Front Street           )
Greenwood, MS  38930       )
                           )
    and                     )
                           )
VIKING RANGE CORPORATION,   )
INC.                       )
220 W. Market Street       )
P.O. Box 8012              )
Greenwood, MS  38930-4329   )
                           )
    Defendants              )

LAW OFFICES
McCarthy Wilson
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## ANSWER OF DEFENDANTS, APPLIANCE DISTRIBUTORS UNLIMITED, INC. AND APPLIANCE DISTRIBUTORS UNLIMITED OF VIRGINIA, INC. d/b/a APPLIANCE DISTRIBUTORS UNLIMITED, TO PLAINTIFFS' COMPLAINT

Come now the Defendants, Appliance Distributors Unlimited, Inc., and Appliance Distributors Unlimited of Virginia, Inc. d/b/a Appliance Distributors Unlimited (hereinafter collectively referred to as "Appliance Distributors"), by and through their attorneys, Richard W. Evans, Esquire, Michael B. De Troia, Esquire, and McCarthy Wilson LLP, and for their Answer to Plaintiffs' Complaint, state as follows:

1.      The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 1 of the Complaint at this time, and therefore, neither admits nor denies the allegations and demands strict proof thereof.

2.      Defendants deny that Appliance Distributors maintains any offices or stores in the District of Columbia, but admit that Appliance Distributors sells appliances to businesses and/or residents of the District of Columbia.

3.      Defendants deny that Appliance Distributors maintains any offices or stores in the District of Columbia, but admit that Appliance Distributors sells appliances to businesses and/or residents of the District of Columbia.

4.      The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 4 of the Complaint at this time, and therefore, neither admits nor denies the allegations and demands strict proof thereof.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

5.    The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 5 of the Complaint at this time, and therefore, neither admit nor deny the allegations and demand strict proof thereof.

6.    Defendants admit that Plaintiffs purchased a Viking refrigerator from the defendant designated as "ADU-II" in Plaintiff's Complaint.  With respect to such allegations as to the defendant designated as "ADU-I", such allegations are denied.

7.    Denied.

8.    The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 8 of the Complaint at this time, and therefore, neither admit nor deny the allegations and demand strict proof thereof.

9.    Defendant designated as "ADU-II" in Plaintiffs' Complaint admits that arrangements were made for the delivery of the refrigerator on or about June 22, 2005. With respect to such allegations as to the defendant designated as "ADU-I", as well as the remaining averments contained in Paragraph 9, such allegations are denied.

10.    Denied.

11.    Denied.

12.    The Defendants are without knowledge sufficient to form a belief as to the truth of the averments contained in Paragraph 12 of the Complaint at this time, and therefore, neither admit nor deny the allegations and demand strict proof thereof.

13.    The Defendants deny the allegations set forth in Paragraph 13 of the Complaint and demand strict proof thereof.

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

3

14.    The Defendants deny the allegations set forth in Paragraph 14 of the Complaint and demand strict proof thereof.

15.    The Defendants deny the allegations set forth in Paragraph 15 of the Complaint and demand strict proof thereof.

16.    The Defendants deny the allegations set forth in Paragraph 16 of the Complaint and demand strict proof thereof.

17.    The Defendants deny the allegations set forth in Paragraph 17 of the Complaint and demand strict proof thereof.

18.    The Defendants deny the allegations set forth in Paragraph 18 of the Complaint and demand strict proof thereof.

19.    The Defendants deny the allegations set forth in Paragraph 19 of the Complaint and demand strict proof thereof.

20.    The Defendants deny the allegations set forth in Paragraph 20 of the Complaint and demand strict proof thereof.

21.    The Defendants deny the allegations set forth in Paragraph 21 of the Complaint and demand strict proof thereof.

22.    The Defendants deny the allegations set forth in Paragraph 22 of the Complaint and demand strict proof thereof.

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

23.    The Defendants deny the allegations set forth in Paragraph 23 of the Complaint and demand strict proof thereof.

24.    The Defendants deny the allegations set forth in Paragraph 24 of the Complaint and demand strict proof thereof.

4

25.    The Defendants deny the allegations set forth in Paragraph 25 of the Complaint and demand strict proof thereof.

26.    The Defendants deny the allegations set forth in Paragraph 26 of the Complaint and demand strict proof thereof.

27.    The Defendants deny the allegations set forth in Paragraph 27 of the Complaint and demand strict proof thereof.

28.    The Defendants deny the allegations set forth in Paragraph 28 of the Complaint and demand strict proof thereof.

### FIRST DEFENSE

That the Complaint fails to state a claim upon which relief can be granted;

### SECOND DEFENSE

That all or part of the relief sought is barred by the applicable Statute of Limitations;

### THIRD DEFENSE

That the Plaintiffs were contributorily negligent, which bars the relief sought;

### FOURTH DEFENSE

That the Plaintiffs assumed the risk of injury, which bars the relief sought;

### FIFTH DEFENSE

That the relief sought may be barred by settlement;

### SIXTH DEFENSE

That the relief sought may be barred by accord and satisfaction;

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

5

## SEVENTH DEFENSE

That the relief sought may be barred by release;

## EIGHTH DEFENSE

That the relief sought may be barred by payment;

## NINTH DEFENSE

That the Plaintiffs failed to mitigate damages, which bars all or part of the relief sought;

## TENTH DEFENSE

That the Defendants deny the causal relationship of the Plaintiffs' alleged injuries to this occurrence;

## ELEVENTH DEFENSE

That the Defendants demand strict proof of proximate cause and deny that any such proximate cause to the Plaintiffs' injuries exist;

## TWEFLTH DEFENSE

That the Plaintiffs' injuries were caused by a natural act over which the Defendants had no control or power to fix or correct;

## THIRTEENTH DEFENSE

That the alleged accident occurred as a result of the negligent acts of a third party over whom these Defendants had no control;

## FOURTEENTH DEFENSE

The Defendants generally deny all liability and damages claimed by the Plaintiffs;

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

6

WHEREFORE, having fully answered the Plaintiffs' Complaint, Defendants Appliance Distributors, request that that it be dismissed with costs assessed.

Respectfully submitted,

McCARTHY WILSON LLP


By:     /s/ Richard W. Evans
        Richard W. Evans (#448436)
        Michael B. De Troia (#495601)
        100 South Washington Street
        Rockville, Maryland  20850
        (301) 762-7770 (phone)
        (301) 762-0374 (fax)
        evansr@mcwilson.com
        detroiam@mcwilson.com
        www.attys@mcwilson.com
        Attorneys for Defendant


## JURY DEMAND

Come now the Defendants, Appliance Distributors Unlimited, Inc., and Appliance Distributors Unlimited of Virginia, Inc. d/b/a Appliance Distributors Unlimited, by and through their attorneys, Richard W. Evans, Michael B. De Troia, and McCarthy Wilson LLP, and request a trial by jury on all issues herein.


                    /s/ Richard W. Evans
                    Richard W. Evans (#448436)

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing Answer of Defendants, Appliance Distributors Unlimited, Inc. and Appliance Distributors Unlimited of Virginia, Inc. d/b/a Appliance Distributors Unlimited, to Plaintiffs' Complaint was mailed, postage prepaid, this 22nd day of July, 2008, to:

James W. Taglieri, Esquire
Cadeaux, Taglieri & Notarius, P.C.
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C. 20036
Attorney for Plaintiffs

Viking Range Corporation
c/o Fred E. Carl, Jr., Registered Agent
111 Front Street
Greenwood, MS 38930
Defendant

Viking Range Corporation, Inc.
c/o Fred E. Carl, Jr., Registered Agent
220 W. Market Street
P.O. Box 8012
Greenwood, MS   38930-4329
Defendant

/s/ Richard W. Evans
Richard W. Evans  (#448436)

LAW OFFICES
MCCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

Filed
D.C. Superior Court
08 Jul 24 P01:55
Clerk of Court

## IN THE SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### Civil Division

| | | |
|---|---|---|
| **BENSON E. PENICK, et al.** | * | |
| **Plaintiffs** | * | |
| v. | * | **Civil Action No.: 2008 CA 004613 B** |
| | | **Judge Gerald I. Fisher** |
| **APPLIANCE DISTRIBUTORS** | * | |
| **UNLIMITED, INC., et al.** | | |
| | * | |
| **Defendants** | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### ANSWER TO COMPLAINT

NOW COMES the Defendants, Viking Range Corporation and Viking Range

Corporation, Inc., by their attorneys, Mary Ann Fenner Medema and the Law Offices of Anthony

D. Dwyer, and in answer to the Complaint filed by the Plaintiffs state as follows:

1.    The Complaint fails to state a claim upon which relief can be granted.

2.    The Defendants generally deny all allegations in the Complaint.

3.    Defendants plead that the claim is barred by the affirmative defenses of the statute

of limitations, assumption of the risk, and the doctrine of contributory negligence.

4.    As to the numbered allegations in the Complaint, Defendants state as follows:

Defendants deny all factual allegations contained in pargraphs 1 through 12 and will

demand strict proof thereof; Defendants deny each and every allegation in paragraphs 13 through

28.

All allegations not specifically admitted are hereby denied.

WHEREFORE, Defendants, Viking Range Corporation and Viking Range Corporation,

Inc., request that the Complaint be dismissed.

Respectfully submitted,


/s/ Mary Ann Fenner Medema
Mary Ann Fenner Medema, Bar #406629
Law Offices of Anthony D. Dwyer
6011 University Boulevard
Suite 480
Ellicott City, MD  21043
(410) 720-4672
*Attorney for Defendants, Viking Range Corporation
and Viking Range Corporation, Inc.*


## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 24th day of July, 2008, a copy of the foregoing

**Answer to Complaint** was electronically served and mailed, first class, postage prepaid, to:


James W. Taglieri, Esquire
Cadeaux, Taglieri & Notarius, P.C.
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C.  20036
*Attorney for Plaintiffs*


and mailed, first class, postage prepaid, to:


Appliance Distributors Unlimited, Inc.
5192 Raynor Avenue
Linthicum, MD  21090
*Defendant*

Appliance Distributors Unlimited, Inc.
c/o Thomas Oliff, Registered Agent
5192 Raynor Avenue
Linthicum, MD  21090
*Defendant*

Appliance Distributors Unlimited of Virginia, Inc.
   d/b/a Appliance Distributors Unlimited
14911 Bogle Drive
Chantilly, VA 20151
*Defendant*

Appliance Distributors Unlimited of Virginia, Inc.
   d/b/a Appliance Distributors Unlimited
c/o James C. Judkins, Registered Agent
10521 Judicial Drive, Suite 204
Fairfax, VA 22030
*Defendant*

/s/ Mary Ann Fenner Medema
Mary Ann Fenner Medema, Bar #406629

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA

Civil Division

| | |
|---|---|
| BENSON E. PENICK, et al. | ) |
| | ) |
| Plaintiffs | ) |
| | ) |
| vs. | ) |
| | ) |
| APPLIANCE DISTRIBUTORS | ) |
| UNLIMITED, INC., et al. | ) |
| | ) |
| Defendants | ) |

Civil Action No: 2008 CA 004613 B
Calendar 1 – Judge Gerald I. Fisher
Next Event:   Initial Conference
                  9/26/08 @ 9:30 a.m.

## NOTICE OF FILING OF NOTICE OF REMOVAL

COMES NOW the Defendant, Appliance Distributors Unlimited of Virginia, Inc. d/b/a Appliance Distributors Unlimited (hereinafter to as "ADU Virginia"), by and through its attorneys, Richard W. Evans, Esquire, Michael B. De Troia, Esquire, and McCarthy Wilson LLP, and files this Notice of Filing of Notice of Removal of this civil action to the United States District Court for the District of Columbia. A copy of the Notice of Removal without attachments filed in the United States District Court for the District of Columbia is attached hereto as Exhibit A.

Respectfully submitted,

McCARTHY WILSON LLP

By:    /s/ Richard W. Evans
          Richard W. Evans (#448436)
          100 South Washington Street
          Rockville, Maryland 20850
          (301) 762-7770 (phone)
          evansr@mcwilson.com
          Attorneys for Defendant Appliance
          Distributors of Virginia

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a copy of the foregoing Notice of Filing of Notice of Removal was mailed, postage prepaid, this 30th day of July, 2008, to:

James W. Taglieri, Esquire
Cadeaux, Taglieri & Notarius, P.C.
1100 Connecticut Avenue, N.W.
Suite 800
Washington, D.C. 20036
*Attorney for Plaintiffs*

Mary Ann Fenner Medema, Esquire
Law Offices of Anthony D. Dwyer
6011 University Boulevard
Suite 480
Ellicott City, Maryland 21043
*Attorney for Defendants Viking Corporation
and Viking Corporation, Inc.*

Richard E. Schimel, Esquire
*Budow & Noble*
7315 Wisconsin Avenue, Suite 500 West
Bethesda, Maryland 20814
*Attorney for Defendant Appliance Distributors
Unlimited, Inc.*

/s/ Richard W. Evans
Richard W. Evans  (#448436)

LAW OFFICES
McCARTHY WILSON
A LIMITED LIABILITY PARTNERSHIP
100 SOUTH WASHINGTON ST.
ROCKVILLE, MD 20850
(301) 762-7770

2

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

| I (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Benson E. Penick and Cheryl Penick<br>408 M Street, N.W., Unit A<br>Washington, DC 20001 | Appliance Distributors Unlimited of Virginia, Inc,<br>14911 Bogle Drive<br>Chantilly, Virginia 20151 |

| (b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF     Washington, DC<br>(EXCEPT IN U.S. PLAINTIFF CASES) | COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____<br>(IN U.S. PLAINTIFF CASES ONLY) _____<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF<br>LAND INVOLVED |

| (c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER) | ATTORNEYS (IF KNOWN) |
|---|---|
| James W. Taglieri, Esquire<br>Cadeaux, Taglieri & Notarius, P.C.<br>1100 Connecticut Avenue, N.W.<br>Suite 800<br>Washington, DC 20036<br>(202) 785-3373 | Richard W. Evans, Esquire<br>McCarthy Wilson LLP<br>100 S. Washington Street<br>Rockville, Maryland 20850<br>(301) 762-7770 |

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

- ○ 1 U.S. Government Plaintiff
- ○ 2 U.S. Government Defendant
- ○ 3 Federal Question (U.S. Government Not a Party)
- ⊙ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX
FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ⊙ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ⊙ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

**○ A. Antitrust**
- ☐ 410 Antitrust

**⊙ B. Personal Injury/ Malpractice**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Medical Malpractice
- ☒ 365 Product Liability
- ☐ 368 Asbestos Product Liability

**○ C. Administrative Agency Review**
- ☐ 151 Medicare Act

Social Security:
- ☐ 861 HIA ((1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g)
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g)

Other Statutes
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

**○ D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

---

**○ E. General Civil (Other)**     OR     **○ F. Pro Se General Civil**

Real Property
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent, Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

Personal Property
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

Bankruptcy
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

Property Rights
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

Federal Tax Suits
- ☐ 870 Taxes (US plaintiff or defendant
- ☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
- ☐ 610 Agriculture
- ☐ 620 Other Food &Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 RR & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

Other Statutes
- ☐ 400 State Reapportionment
- ☐ 430 Banks & Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation

- ☐ 470 Racketeer Influenced & Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Satellite TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 900 Appeal of fee determination under equal access to Justice
- ☐ 950 Constitutionality of State Statutes
- ☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

## V. ORIGIN

○ 1 Original Proceeding   ⦿ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

---

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 USC 1332--Plaintiffs allege personal injuries in excess of $75,000.00 arising out of a refrigerator sold and/or manufactured by defendants.

---

| **VII. REQUESTED IN COMPLAINT** | CHECK IF THIS IS A CLASS ☐ ACTION UNDER F.R.C.P. 23 | **DEMAND $** 2,250,000.00 **JURY DEMAND:** | Check YES only if demanded in complaint<br>YES ☒    NO ☐ |
|---|---|---|---|

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE **7/30/08**    SIGNATURE OF ATTORNEY OF RECORD _____

## INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44
### Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.    COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed *only* if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.    CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the *primary* cause of action found in your complaint. You may select only *one* category. You *must* also select *one* corresponding nature of suit found under the category of case.

VI.    CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.    RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_Benson E. Penick, et al_
Plaintiff

v.                                    Civil Action No. _08-1313_

                                      **JUL 3 1 2008**

_Alliance Distributors Unlimited_
Defendant                _Inc. et al_

                    _Amended Notice_

The above entitled action, removed from the Superior Court for the District of Columbia,

has been filed and assigned to Judge **ELLEN SEGAL HUVELLE, ESH**. All counsel and/or pro se

litigants must include on any subsequent pleadings both the civil action number and the initials

of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the

bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly

recording all counsel of record, counsel for all parties must enter their appearance in accordance

with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's

Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly

spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court

on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

                                      929A
                                      Rev. 7/02

cc: _James W. Tagliers_
   _American Distributors_
   _Unlimited, Inc._
   _Viking Range Corp._
   _Viking Range Corp., Inc._

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_BENSON E. PETNICK, ET AL_
Plaintiff

v.

Civil Action No. **08 1313**

**JUL 3 0 2008**

_APPLIANCE DISTRIBUTORS UNLIMITED, INC. ET AL_
Defendant

The above entitled action, removed from the Superior Court for the District of Columbia, has been filed and assigned to Judge **KENNEDY, JR. J. HHK** All counsel and/or pro se litigants must include on any subsequent pleadings both the civil action number and the initials of the judge assigned to this action. (See preceding sentence for judge's initials).

Pursuant to Local Rule 83.2(a)(b), an attorney must be a member in good standing of the bar of this Court to appear, file papers or practice. To assist the Clerk's Office in properly recording all counsel of record, counsel for all parties must enter their appearance in accordance with our Local Rule 83.6(a). Timely compliance with this requirement will enable the Clerk's Office to ensure prompt delivery of notices and orders.

Finally, your attention is called to Local Rule 16.3, Duty to Confer. This rule clearly spells out the duty of counsel, as well as pro se litigants, to confer and report back to the Court on a wide range of questions.

NANCY MAYER-WHITTINGTON, CLERK

By _____
Deputy Clerk

929A
Rev. 7/02

cc: JAMES W. TAGLIERI
AMERICAN DISTRIBUTORS
UN LIMITED, INC.
VIKING RANGE CORP.
VIKING RANGE CORP., INC.